(865 P.2d 218)

No. 69,129

69,130

STATE OF KANSAS, *Appellee,* v. DAVID M. KENDIG, *Appellant.*

Petition for review denied 254 Kan. 1009 (1994).

Opinion filed December 23, 1993.

*Benjamin C. Wood,* of Olathe, for appellant.

*Robin A. Lewis,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before ELLIOTT, P.J., BRAZIL and LEWIS, JJ.

BRAZIL, J.: David M. Kendig appeals the district court's denial of his motions to suppress in cases K69630 and K70738 and his sentences on the convictions of possession of marijuana pursuant to K.S.A. 65-4127b(a)(3). Kendig claims the court erred because the evidence in K69630 was tainted during an excessive detention and the arrest for possession of fireworks in K69630 was illegal; therefore, the search incident to that arrest was unlawful. In K70738, Kendig claims the evidence was obtained after a pretextual traffic stop. Finally, Kendig claims his sentencing was

defective because the court failed to comply with the allocution statute, K.S.A. 1992 Supp. 22-3424(4). We affirm.

K69630.

Deputy Sheriff Peggy Cobb testified that, after observing the manner in which a blue Pontiac Firebird was being operated eastbound on Shawnee Mission Parkway in Johnson County, she suspected the driver was under the influence of alcohol, and she decided to stop him. After the stop, the driver, identified as Kendig, met Cobb midway between their respective cars.

Cobb inquired if Kendig had been drinking alcohol. Kendig replied he did not drink, and Cobb did not detect alcohol on Kendig's breath. While Cobb ran computer checks on Kendig's license, Kendig returned to his vehicle. There were no warrants out on Kendig.

Upon returning Kendig's license to him, Cobb saw fireworks in the back of Kendig's vehicle. Cobb advised Kendig that it was illegal to possess fireworks and asked him to step out of the vehicle. Cobb removed the fireworks from Kendig's vehicle. Cobb informed Kendig she would be searching his vehicle for other contraband items. While searching the vehicle, Cobb did not find any more fireworks; however, she found an unmarked pill bottle containing five burnt cigarette ends. Cobb believed the cigarette ends to be marijuana. Along with the burnt cigarette ends, Cobb found a credit card bearing Kendig's name and a prescription with Kendig's name on it. All of these items were found in the console of Kendig's car.

Cobb further testified the confiscated fireworks were Saturn Missiles and were in plain view. The fireworks were on the left side of the rear deck of the vehicle. The console containing the pill bottle of burnt cigarette ends was large enough to contain fireworks. Cobb read Kendig his *Miranda* rights. As Cobb transported Kendig to the sheriff's office, Kendig stated he did "smoke a little dope."

K70738.

Cobb testified that in 1992, she was present to testify at the hearing in case K69630 concerning Kendig's charge of possession of marijuana. Kendig failed to appear, and the court issued a bench warrant for his arrest.

Two days later, Cobb stated she saw Kendig's vehicle parked outside his residence, so Cobb parked down the street and conducted surveillance until Kendig drove away in his vehicle. At that time, Cobb stopped Kendig, served him with the bench warrant, and arrested him.

Kendig's vehicle was searched incident to his arrest, and a small baggie of vegetation was taken from Kendig's vehicle. On cross-examination, Cobb testified that, during the search of Kendig's vehicle, Kendig was handcuffed in the patrol unit. Cobb further stated another officer found the marijuana in the plastic molding between the seats where the console goes up to the dashboard.

Suppression of evidence in K69630.

Kendig argues Cobb's traffic stop of Kendig's vehicle exceeded its lawful scope and the marijuana cigarette butts were the fruit of that excessive detention. As a result of the excessive detention, he argues, the court should have suppressed the marijuana cigarette butts.

Kendig did not argue at the hearing on the motion to suppress that the traffic stop exceeded its lawful scope. "The defendant cannot raise points on appeal which were not presented to the trial court." *State v. Ji,* 251 Kan. 3, 17, 832 P.2d 1176 (1992) (citing *State v. Holley,* 238 Kan. 501, 508, 712 P.2d 1214 [1986]); *State v. Crawford,* 246 Kan. 231, 234, 787 P.2d 1180 (1990). Therefore, Kendig cannot argue that the traffic stop exceeded its scope.

Kendig also argues the Overland Park Municipal Code provision giving Cobb the power to arrest Kendig is void because it conflicts with K.S.A. 1992 Supp. 31-134(b). Kendig further argues that, because the provision is void, there was no offense on which to arrest him; therefore, the arrest was illegal, and the fruits of the arrest must be suppressed.

"When analyzing the constitutional validity of an arrest, we must determine whether the facts within the knowledge of the officers at the moment of arrest and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense." *State v. Gardner,* 10 Kan. App. 2d 408, 410, 701 P.2d 703, *rev. denied* 237 Kan. 888 (1985).

At the moment of arrest, Cobb knew it was illegal to possess fireworks pursuant to the Overland Park Municipal Code. She also observed fireworks in the back of Kendig's vehicle. The State argues that an officer acting in good faith should be allowed to rely on enacted code provisions.

We found no Kansas case that deals with the circumstances in the instant case. However, the facts in the instant case are analogous to the situation where a search warrant is used, property is seized pursuant to the warrant, and the warrant is later found to lack probable cause. That analogy was discussed in *State v. Doile,* 244 Kan. 493, 501, 769 P.2d 666 (1989), which applied the rationale of *United States v. Leon,* 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405, *reh. denied* 468 U.S. 1250 (1984): "A strong theme running throughout *Leon* is that evidence seized under a search warrant subsequently held to be invalid is not to be suppressed absent some chicanery or wrongdoing by the police."

If a police officer is allowed to rely in good faith on a search warrant issued by a magistrate, an officer should be allowed to rely in good faith on a provision of the municipal code. Cobb knew it was illegal to possess fireworks; she observed fireworks in Kendig's vehicle and arrested Kendig for this violation. Therefore, the arrest was based on probable cause and the search incident to the arrest was valid. We do not need to reach the issue of the municipal code's alleged inconsistency with K.S.A. 1992 Supp. 31-134(b). The trial court did not err by failing to suppress the burnt marijuana cigarettes.

We also note that, when the State offered the marijuana cigarette butts as evidence at Kendig's trial, defense counsel failed to object. In fact, Kendig's counsel stated she had no objection to the evidence being admitted. "When either a motion in limine or a motion to suppress is denied, the moving party must object to the evidence at trial to preserve the issue on appeal." *State v. Milo,* 249 Kan. 15, 18, 815 P.2d 519 (1991). Therefore, Kendig's counsel failed to preserve the issue on appeal.

Suppression of evidence in K70738.

Kendig argues the search of his car after his arrest on the bench warrant was the result of a pretextual traffic stop and, thus,

the baggie containing marijuana should have been suppressed. When the State offered the baggie of marijuana into evidence, Kendig's counsel stated she had no objection to the admission of the evidence. Once again, by failing to object, Kendig's counsel did not preserve the issue for appeal. *State v. Milo,* 249 Kan. at 18.

Sentencing.

Kendig claims his sentencing was defective because the court failed to comply with K.S.A. 1992 Supp. 22-3424(4), which reads:

"Before imposing sentence the court shall: (a) Allow the prosecuting attorney to address the court, if the prosecuting attorney so requests; (b) afford counsel an opportunity to speak on behalf of the defendant; and (c) address the defendant personally and ask the defendant if the defendant wishes to make a statement on the defendant's own behalf and to present any evidence in mitigation of punishment. Before imposing sentence the court may allow the victim or victim's family to address the court, if they so request."

The State agrees that the trial court did not specifically ask Kendig personally if he wished to present any evidence prior to the court imposing sentence.

In *State v. Webb,* 242 Kan. 519, Syl. ¶ 1, 748 P.2d 875 (1988), the Supreme Court held: "K.S.A. 22-3424(4) establishes the right of a defendant to allocution, which right is not waived by defendant's silence or by argument of counsel." This court held that a criminal defendant has an absolute statutory right to make a statement to the court during allocution. *State v. Wielgus,* 14 Kan. App. 2d 145, Syl., 783 P.2d 1320 (1989).

In this case, defense counsel was asked whether she wished to present any evidence or make a statement prior to sentencing. Defense counsel made a statement but did not present any evidence. The court inquired if there were any statements Kendig would like to make. Kendig made a statement to the court. The court did not inquire if Kendig had any evidence he wished to present. However, the court did inquire if Kendig knew of any lawful reason he should not be sentenced. Kendig replied in the negative.

If it was error for the trial court to fail to ask Kendig if he had any evidence to present, it was harmless error. "Errors which do not affirmatively appear to have prejudicially affected the sub-

stantial rights of the party complaining do not require reversal when substantial justice has been done." *State v. Bell,* 239 Kan. 229, 235, 718 P.2d 628 (1986). Kendig's counsel was given the opportunity to present evidence, and she did not. On appeal, Kendig does not state what, if any, evidence he wished to present to the trial court. Therefore, Kendig's sentencing was not defective.

Affirmed.