(924 P.2d 1278)
No. 74,975

STATE OF KANSAS, *Appellee*, v. LANCE W. CARUTHERS, *Appellant*.

—

Opinion filed October 11, 1996.

*Jeffrey J. Carlin*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*William E. Kennedy III*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before LEWIS, P.J., GERNON, J., and WAHL, S.J.

LEWIS,J.: In 1994, defendant entered a plea of nolo contendere to a charge of attempted robbery. Accordingly, he was found guilty and sentenced to 24 months' imprisonment. He was then placed on probation from the terms of the sentence. Defendant subsequently violated probation and was ordered incarcerated. Defendant appeals from the order terminating his probation.

Defendant was accused of violating his probation in a number of particulars. He *stipulated* to the violations, and his attorney advised the court as follows:

"I've explained to Mr. Caruthers that he has a right to have a hearing in this case and have the State prove the allegations. That if he stipulates to the violations that are enumerated . . . the Court will in all likelihood revoke his probation and could sentence him to prison today. Notwithstanding that, my understanding is that Mr. Caruthers still would like to go ahead and stipulate to the violations contained in this motion to revoke."

The trial court then asked defendant if he was in agreement with this statement made by his attorney, and defendant said that he was.

At the probation revocation hearing, the trial court questioned defendant at some length before accepting his stipulation as to the allegations of probation violation. Both the State and defense coun-

sel made arguments to the trial court, and the court revoked defendant's probation. Defendant appealed.

Defendant argues the trial court erred in failing to specifically ask him if he had anything to say before ordering his probation terminated. We conclude this argument is without merit.

In essence, defendant is arguing he has a right to allocution in a probation revocation hearing. These hearings are governed by K.S.A. 22-3716(b). Interpretation of a statute is a question of law over which this court has unlimited review. See *State v. Roderick*, 259 Kan. 107, 110, 911 P.2d 159 (1996).

K.S.A. 22-3716(b) does not require that a defendant be asked if he or she wishes to make a statement before probation is revoked. There is no allocution requirement in the probation revocation proceedings as mandated by statute. We also reject the notion that allocution is required as a matter of due process independent of the statute.

Defendant cites *State v. Hunt*, 257 Kan. 388, 405, 894 P.2d 178 (1995), to establish that the right to allocution cannot be waived by defense counsel's statement or by defendant's silence. We do not dispute that proposition as put by defendant. However, *Hunt*, along with *State v. Webb*, 242 Kan. 519, 748 P.2d 875 (1988), deals with the right to allocution under K.S.A. 22-3424. K.S.A. 22-3424(e)(4) specifically requires allocution prior to sentencing. That statute, and the cases interpreting it, have no relevance to proceedings under K.S.A. 22-3716(b), which contains no such requirement.

We hold that allocution prior to revoking a defendant's probation is not required either by the statutes of this state or by the Due Process Clause of the United States Constitution. Defendant's contentions to the contrary are without merit.

We note in closing that even if such an allocution requirement did exist, it would not require a reversal of the judgment in this case. The record shows that defendant admitted violating his probation and fails to show where he was prejudiced by the failure of the trial court to grant him allocution. In *State v. Borders*, 255 Kan. 871, 881, 879 P.2d 620 (1994), our Supreme Court stated:

"We believe the requirement of a showing of prejudice to the substantial rights of the defendant is equally applicable to alleged violations of the allocution statute as it is to the many other areas of criminal procedure where prejudice must be shown to justify a reversal. The defendant here has shown absolutely no prejudice, and while failure to comply with a mandatory statute, such as K.S.A. 1992 Supp. 22-3424(4), is error, [it is] not reversible error unless prejudice to the substantial rights of the defendant is shown."

Our review of the record shows that defendant failed to make any showing that his substantial rights were prejudiced by the trial court's failure to ask him if he had anything to say prior to revoking his probation. See *State v. Kendig*, 19 Kan. App. 2d 128, 132-33, 865 P.2d 218 (1993), *rev. denied* 254 Kan. 1009 (1994). Defendant had several opportunities to advise the trial court of any matters he deemed relevant and failed to do so.

Affirmed.