NOT DESIGNATED FOR PUBLICATION

Nos. 116,199
116,200

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN ERIC KYHNELL II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed September 1, 2017.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Michael F. Kagay*, district attorney, *Jodi Litfin*, deputy district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER, J., and STUTZMAN, S.J.

*Per Curiam*:  In this consolidated appeal, John Eric Kyhnell II appeals the
revocation of his probation in two cases:  13 CR 1581, possession of methamphetamine;
and 15 CR 1027, aggravated assault with the intent to commit a felony. His chief
complaint is that the district court refused to allow him allocution at the revocation
hearing. Finding no error, we affirm.

1

To support a revocation of probation, the State must establish by a preponderance of the evidence that the defendant violated the terms or conditions of his probation. *State v. Lumley*, 267 Kan. 4, 8, 977 P.2d 914 (1999). This requirement is met here—Kyhnell admits that his violations of probation were established by a preponderance of the evidence.

Once a violation is established, the decision to revoke probation rests in the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). "Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

The district court revoked probation in both of Kyhnell's cases pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), making findings in both cases that the public safety or the offender welfare would not be served by another sanction. The district court ordered the underlying sentences to be served concurrently (20 months) and kept in place during the 12-month postrelease supervision period.

Kyhnell argues that his sentence is illegal because the district court refused to allow him allocution—an opportunity to speak—at the revocation hearing. The district court stated: "I am not going to allow him to address the Court today. He had that opportunity at the time of sentencing, and he certainly could've testified as a witness in this matter. And I realize the debate about why he might not have, but I don't think he's entitled to the same right at the time of the probation hearing." Kyhnell argues that the hearing was a sentencing and not merely a probation revocation hearing, thus he was entitled to the rights provided by K.S.A. 22-3422 and K.S.A. 2016 Supp. 22-3424(e).

2

We disagree. The statutes cited above provide a right to allocution at the original sentencing hearing. See K.S.A. 22-3422 (The court must ask a defendant personally before sentencing if he or she knows of any reason that judgment "should not be rendered."); K.S.A. 2016 Supp. 22-3424(e) (The court must "afford counsel an opportunity to speak on behalf of the defendant" and "ask . . . if the defendant wishes to make a statement . . . and to present any evidence in mitigation of punishment."). But Kyhnell appeals from a probation revocation hearing, not a sentencing hearing.

Probation revocation hearings are governed by K.S.A. 2016 Supp. 22-3716(b). This statute vests a defendant with certain rights, including presenting the testimony of witnesses and other evidence on the defendant's behalf. K.S.A. 2016 Supp. 22-3716(b)(2). But the statute does not require that a defendant be asked if he or she wishes to make a statement before probation is revoked.

We have previously held that "allocution prior to revoking a defendant's probation is not required either by the statutes of this state or by the Due Process Clause of the United States Constitution." *State v. Caruthers*, 22 Kan. App. 2d 910, 911, 924 P.2d 1278 (1996). See *State v. Mebane*, 278 Kan. 131, 133-34, 91 P.3d 1175 (2004) (characterizing allocution as set out in K.S.A. 22-3424(e) as a "statutory right" and making no mention of any sort of constitutional analog); *State v. West*, 46 Kan. App. 2d 732, 739, 281 P.3d 529 (2011) ("Allocution, however, lacks a constitutional dimension and is purely a statutory right."); *State v. Billings*, 30 Kan. App. 2d 236, 238, 39 P.3d 682 (2002) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 36 L. Ed. 2d 656 [1973]) (revocation of probation is not part of a criminal prosecution and the full panoply of rights due a defendant in a criminal case is not applicable to a probation revocation proceeding).

We find those cases to be well reasoned and we apply them here. The district court did not err in not permitting Kyhnell to speak at his December 2015 revocation hearing.

3

Affirmed.