NOT DESIGNATED FOR PUBLICATION

No. 122,642

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SABEN JOSEPH AMARO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed July 2, 2021.
Affirmed.

*Natalie K. Randall*, of Dodge City, for appellant.

*Michael R. Serra*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., WARNER and HURST, JJ.

PER CURIAM: Saben Joseph Amaro appeals the district court's decision revoking his probation and ordering him to serve his original sentence. Amaro claims the district court erred by imposing the full sentence at the probation violation hearing without allowing him to offer mitigating circumstances to the court. But as our court has ruled before, a defendant has no right to allocution under the statute governing probation violation hearings. Thus, we find no error and affirm the district court's judgment.

1

On January 16, 2018, the State charged Amaro with committing aggravated kidnapping, aggravated robbery, aggravated sexual battery, aggravated domestic battery, aggravated battery, and domestic battery against his then-girlfriend, K.S., in Ford County criminal case No. 18CR21. Amaro allegedly committed these crimes while he was on felony probation for attempting to flee and allude a law enforcement officer in Ford County criminal case No. 17CR103. Amaro eventually pled no contest to aggravated kidnapping and aggravated battery in the new case. Under the plea agreement, the State agreed to dismiss the remaining charges and not oppose Amaro's motion for a dispositional departure to probation. At the sentencing hearing on July 24, 2018, the district court followed the plea agreement and sentenced Amaro in 18CR21 to a presumptive term of 253 months' imprisonment but granted probation for 36 months.

On April 3, 2019, the State moved to revoke Amaro's probation alleging that he had violated the conditions of his probation by associating with a convicted felon, by having contact with K.S., and by committing several new crimes against K.S. More specifically, the State alleged that on March 26, 2019, along with committing the new crimes of aggravated burglary and criminal damage to property, Amaro kidnapped, battered, and assaulted K.S. Based on these alleged crimes, the State filed new charges against Amaro in Ford County criminal case No. 19CR194. Amaro eventually pled guilty to one count of residential burglary in that case.

On September 16, 2019, the district court held a joint probation violation hearing in 18CR21 and sentencing hearing in 19CR194. When the hearing started, Amaro admitted that he had violated the conditions of his probation in 18CR21 as alleged in the State's revocation motion. Amaro's counsel did not ask the district court to reinstate the probation, but he asked the court to modify the controlling sentence of 253 months' imprisonment and impose a lesser sentence based on Amaro's youth. The State asked the

district court to revoke Amaro's probation and impose the original sentence. After hearing arguments from counsel, the district court revoked Amaro's probation and denied his request to modify the sentence, ordering him to serve his original sentence of 253 months' imprisonment with 36 months' postrelease supervision because (1) Amaro was on felony probation in 17CR103 when he committed his crimes in 18CR21; (2) Amaro received probation in 18CR21 as a result of a dispositional departure; (3) Amaro committed many of the same crimes in 18CR21 and 19CR194 against the same victim; and (4) the serious nature of Amaro's crimes revealed that he was a threat to public safety.

The district court then turned to the sentencing in 19CR194. But before imposing the sentence, the district court notified Amaro of his right to allocution and asked if he had any statement he wanted to make to the court. But instead of addressing the district court about the new conviction and any sentence in 19CR194, Amaro addressed the court about its decision to impose his original prison sentence in 18CR21 without modification. Amaro told the district court that his attorney had coerced him into pleading no contest in 18CR21 because he was afraid of spending "life" in prison. He also stated that his aggravated kidnapping conviction in 18CR21 was unfair because he never kidnapped anyone against their will.

After Amaro finished speaking, the district court told him that his statements were "well-received," that it had reconsidered his sentence in 18CR21 based on his statements, but that it was still imposing his original prison sentence in 18CR21 without modification for the reasons it had given. The district court then sentenced Amaro to 32 months' imprisonment with 12 months' postrelease supervision for his burglary conviction in 19CR194, to run consecutive to the sentence in 18CR21. Amaro timely brings this appeal which covers only the probation revocation in 18CR21.

3

ANALYSIS

Amaro's sole argument on appeal is that he is entitled to a new probation violation hearing because the district court abused its discretion by imposing his original prison sentence without first "taking up whether there existed any meaningful mitigating factors" to support his request for a downward modification of this sentence. Amaro contends that given his youth and the extended length of his original sentence, the district court should have directly asked him "whether he desired to offer any additional statements or arguments in mitigation of [its] imposition of [his original sentence]."

Although Amaro does not use the term "allocution" in his brief, he has effectively argued that he had a right to allocution before the district court revoked his probation and ordered him to serve his original sentence. Amaro's brief uses the term "due process" in one sentence, but he makes no direct claim that he has a constitutional right to allocution at a probation violation hearing. The State counters that Amaro has no statutory right to allocution before the district court could revoke his probation.

Both parties assert that we should review the district court's decision to revoke Amaro's probation for an abuse of discretion. But resolution of Amaro's claim requires us to interpret provisions of the Kansas Code of Criminal Procedure, K.S.A. 22-2101 et seq. Interpretation of a statute is a question of law over which an appellate court exercises unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

K.S.A. 22-3422 provides that at any sentencing hearing, the district court must inform the defendant of the verdict of the jury or the finding of guilt by the court and ask the defendant whether there is any legal cause not to proceed with sentencing. K.S.A. 2020 Supp. 22-3424(e)(4) states that before imposing sentence, the court must "address the defendant personally and ask the defendant if the defendant wishes to make a statement on the defendant's own behalf and to present any evidence of mitigation of

4

punishment." The rights enumerated in these statutes are historically known as "allocution." *State v. Borders*, 255 Kan. 871, 876, 879 P.2d 620 (1994). The district court's failure to provide the defendant with the right of allocution at a sentencing hearing is error, but not reversible error unless the defendant shows prejudice. 255 Kan. at 881.

Probation revocation hearings are governed by K.S.A. 2020 Supp. 22-3716. This statute provides that the State has the burden of establishing the probation violation; the defendant will be represented by counsel; and the defendant will have the right to present witnesses and other evidence on the alleged violation. K.S.A. 2020 Supp. 22-3716(b)(2). If the original crime of conviction was a felony and a violation is established, the court may impose sanctions including revocation of the defendant's probation. K.S.A. 2020 Supp. 22-3716(c). Upon revoking a defendant's probation, the district court may order the defendant to serve the original sentence imposed, or any lesser sentence. K.S.A. 2020 Supp. 22-3716(c)(1)(C). But K.S.A. 2020 Supp. 22-3716 provides the defendant with no right to allocution at a probation violation hearing corresponding with the statutory right provided to the defendant at a sentencing hearing.

Amaro's claim that he had a right to allocution at his probation violation hearing has been rejected by this court in *State v. Caruthers*, 22 Kan. App. 2d 910, 911, 924 P.2d 1278 (1996), although Amaro fails to cite or discuss this case in his brief. In *Caruthers*, this court rejected Caruthers' contention that the district court erred by not asking him if he had anything to say before it revoked his probation and ordered him to serve his original prison sentence. In doing so, this court first explained that Caruthers was essentially arguing that he had the right to allocution at his probation violation hearing. This court then explained that probation violation hearings are governed by K.S.A. 22-3716, which contains no requirement that the district court allow probationers to speak at their probation violation hearings. This court noted that the lack of a statutory right to allocution at probation violation hearings distinguished probationers from criminal defendants at sentencing hearings who have a statutory right to allocution. This court

found that Caruthers' argument was meritless because Kansas' statutes did not give Caruthers the right to allocution before the district court revoked his probation and ordered him to serve his original prison sentence. 22 Kan. App. 2d at 911.

The *Caruthers* court also rejected "the notion" that the Due Process Clause of the Fourteenth Amendment to the United States Constitution required the district court to provide probationers the right to allocution. 22 Kan. App. 2d at 911. This court also noted that even if Caruthers had a right to allocution at his probation violation hearing, Caruthers was not entitled to a new probation violation hearing as he had not proven that the district court's failure to provide him the opportunity of allocution prejudiced his substantial rights. 22 Kan. App. 2d at 912; see also *State v. Kyhnell*, No. 116,199, 2017 WL 382275, at *2 (Kan. App. 2017) (unpublished opinion) (rejecting Kyhnell's argument that the district court abused its discretion by not allowing him allocution before revoking his probation and ordering him to serve his underlying prison sentence based on *Caruthers*' holding that probationers lack the right to allocution).

Although K.S.A. 22-3716 has been amended since this court issued its *Caruthers* decision, the version of K.S.A. 22-3716 that was in effect when Amaro committed his crimes in this case—K.S.A. 2017 Supp. 22-3716—still did not require district courts to provide probationers the right to allocution. In Kansas, probationers continue to lack a statutory right to allocution before the revocation of their probation. See K.S.A. 2020 Supp. 22-3716. And although Amaro implies that the district court's failure to allow him allocution at his probation violation hearing violated his due process rights, he fails to support this argument with any legal authority on point. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

Finally, as the State points out, even if Amaro had a right to allocution at his probation violation hearing, he has not shown that he was prejudiced by the district court's failure to allow him to speak before revoking his probation and ordering him to serve his original sentence. After the district court revoked Amaro's probation in 18CR21, the court sentenced him in 19CR194. As part of that hearing, the district court notified Amaro of his right to allocution and asked if he had any statements he wanted to make to the court. But instead of addressing the district court about the new conviction and any sentence in 19CR194, Amaro addressed the court about its decision to impose his original sentence in 18CR21 without modification. After Amaro finished speaking, the district court told him that it had reconsidered his sentence in 18CR21 based on his statements, but it was still imposing the original sentence in that case without modification. Thus, Amaro essentially received the opportunity to address the district court about its decision to revoke his probation and impose the original sentence, and he cannot show any prejudice by the district court's failure to allow him to speak.

In sum, Amaro had no statutory right to allocution at his probation violation hearing, nor did he have a recognized due process right to personally address the district court about modifying his sentence at that hearing. Even if he had such a right, Amaro has not shown that he was prejudiced by the district court's failure to allow him to speak before revoking his probation and ordering him to serve his original sentence. As a result, we conclude the district court did not err in revoking Amaro's probation and ordering him to serve his original sentence based on the argument he has raised in this appeal.

Affirmed.